O.F. DUFFIELD, Sue Ann Duffield, Frederic Dohle, Bertha Dohle, James Dohle, Katherine Dohle, Richard Lubera, Jr., Karen Lubera, & Mike Wishon *v.* BENTON COUNTY STONE CO., INC. & Benton County Planning Board, Benton County, Arkansas

06-1329                                       254 S.W.3d 726

Supreme Court of Arkansas
Opinion delivered April 5, 2007

*Lisle Law Firm, P.A.*, by: *Chris Lisle*, for appellants.

*The Watkins Law Office, PLLC*, by: *Jay A. Edwards* and *Bill Watkins*, for appellee Benton County Stone Co., Inc.

DONALD L. CORBIN, Justice. Appellants, O.F. Duffield, Sue Ann Duffield, Frederic Dohle, Bertha Dohle, James Dohle, Katherine Dohle, Richard Lubera, Jr., Karen Lubera, and Mike Wishon (Landowners), appeal the Benton County Circuit Court's order granting in part and denying in part their motion to intervene in the suit filed by Appellee, Benton County Stone Company, Inc. (Benton Stone), against Appellee, Benton County Planning Board (Planning Board).[1] On appeal, the Landowners raise two issues for reversal: the trial court erred in (1) denying their motion to

---

[1] The only Appellee to file a brief in this matter was Benton Stone.

intervene as a matter of right under Ark. R. Civ. P. 24(a)(2), and (2) limiting their permissive intervention under Ark. R. Civ. P. 24(b). This case involves an issue of first impression, thus our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(b)(1). Because the trial court's order is not an appealable order as required by Ark. R. App. P. – Civ. 2, we dismiss the appeal.

This case arises from a proposed development of a rock quarry in Benton County, Arkansas. On November 17, 2005, the Planning Board approved Benton Stone's petition to develop a rock quarry in an unincorporated area of Benton County. Pursuant to a county ordinance, on December 9, 2005, the Landowners appealed the Planning Board's decision to the Benton County Appeal Review Board (Review Board), raising the issues of res judicata, incompatibility, improper notice, lack of necessary permits to operate the quarry, and an improper hearing. The Review Board reversed the Planning Board's decision and denied Benton Stone's petition based upon the belief that its proposed rock quarry was incompatible with the surrounding uses. On January 27, 2006, Benton Stone filed suit against the Planning Board by appealing the denial to the Benton County Circuit Court.

On April 10, 2006, the Landowners filed a motion to intervene in which they asked the trial court to allow intervention under Ark. R. Civ. P. 19. Benton Stone responded, on April 14, 2006, asserting that the motion was procedurally flawed and wholly insufficient such that the motion should be denied. The trial court denied the motion to intervene on April 28, 2006. That same day, the Landowners filed an amended motion to intervene citing Rule 19, as well as Rule 24 as a basis for intervention. On May 11, 2006, Benton Stone responded to the amended motion to intervene again claiming that the motion should be denied because it was procedurally flawed, and also asserting that the Landowners' interests were adequately represented by existing parties.

On May 31, 2006, the trial court held a hearing on the Landowners' motion to intervene. At the conclusion of this hearing, the trial court asked the parties to file supplemental briefs on the issue. The Landowners filed their supplemental brief on June 14, 2006, and Benton Stone and the Planning Board each filed their own separate supplemental briefs on June 26, 2006. On August 24, 2006, after considering both the arguments of counsel at the May 31 hearing and the submitted briefs and exhibits, the trial court granted in part and denied in part the Landowners' motion to intervene. Specifically, it found "that the [Landowners]

shall be allowed permissive intervention under Rule 24(b), to intervene as defendants, for the limited purpose of arguing whether the doctrine of res judicata is a bar to [Benton Stone's] cause in this case." The Landowners timely filed a notice of appeal of the August 24 order on September 12, 2006.

The Landowners have appealed the trial court's order denying intervention as a matter of right, but granting permissive intervention as to the issue of res judicata. This is not an appealable order.

Rule 2(a) of Arkansas Rules of Appellate Procedure – Civil governs when an appeal may be taken from a trial court to this court. We have recognized that there is a right to appeal a denial of a motion to intervene as a matter of right under Rule 2(a)(2). *See Matson, Inc. v. Lamb & Assocs. Packaging, Inc.*, 328 Ark. 705, 947 S.W.2d 324 (1997) (holding that an order denying intervention is appealable); *Cupples Farms P'ships v. Forrest City Prod. Credit Ass'n*, 310 Ark. 597, 602, 839 S.W.2d 187, 190 (1992) (holding "that the denial of an intervention of right based on a claimed interest in the litigation which may be unprotected, such as we have here, constitutes an appealable order under Ark. R. App. P. 2(a)(2)"). Additionally, we have allowed an appeal from a trial court's denial of a motion for permissive intervention, but we will reverse only for an abuse of discretion. *See Billabong Products, Inc. v. Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983). However, an order granting intervention is not appealable. *See Corning Bank v. Delta Rice Mills, Inc.*, 281 Ark. 342, 663 S.W.2d 737 (1984).

In this case, for the first time, we are faced with the question of whether a trial court's order granting permissive intervention, but denying intervention as a matter of right, is immediately appealable.[2] It is not. In *Cupples*, 310 Ark. at 600, 839 S.W.2d at 189, we explained that the trial court's order denying intervention to Cupples "precludes any other avenue for a [Cupples] appeal." Here, we are faced with a situation where the Landowners are in a different posture than the appellant in *Cupples* because they were allowed permissive intervention under Rule 24(b). Thus, the Landowners are not left without another avenue of appeal and could, following final judgment, appeal the issue of

---

[2] This issue was not raised by either party; however, the question of whether an order is final and appealable is a jurisdictional question that we will raise on our own. *See Hanners v. Giant Oil Co. of Ark., Inc.*, 369 Ark. 226, 253 S.W.3d 424 (2007).

intervention as a matter of right, as well as their arguments pertaining to permissive intervention. Consequently, the August 24 order granting permissive intervention, but denying intervention as a matter of right, is not an immediately appealable order under Rule 2(a). Thus, we are barred from considering this appeal.

Lastly, this holding is supported by *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987), where the United States Supreme Court decided the same issue. There, the petitioners seeking intervention sought to do so under Federal Rules of Civil Procedure 24(a) and (b), which are identical to our rules. The district court denied the request to intervene as of right, but granted the petitioners' application to become a permissive intervenor subject to three conditions. The Court concluded that "because CNA is now a party to the suit by virtue of its permissive intervention, it can obtain effective review of its claims on appeal from the final judgment." *Id.* at 375. Moreover, "while the District Court restricted CNA's ability to participate fully as it might wish, it is significant that none of the limitations interfere with CNA's ability to raise its claims on postjudgment appeal." *Id.* at 378. Because of this, the Court refused to "find that the grant of permissive intervention, even though subject to conditions, should be treated as a complete denial of the right to participate" and held that the district court order, granting permissive intervention but denying intervention as of right, was not an immediately appealable order. *Id.*

Because there is not a final, appealable order, we cannot address the merits of the Landowners' appeal.

Dismissed without prejudice.