Shannon WEST *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES
and C.W. and B.W., Minor Children

07-1150                                                   281 S.W.3d 733

Supreme Court of Arkansas
Opinion delivered April 3, 2008

---

*Melissa Dorn Bratton,* Arkansas Public Defender Comm'n, for appellant.

*Gray Allen Turner,* Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC,* by: *Keith L. Chrestman,* attorney ad litem for the minor children.

ROBERT L. BROWN, Justice. By certification memorandum dated February 20, 2008, the Arkansas Court of Appeals certified the question of whether there was a final order in this case under Arkansas Rule of Appellate Procedure – Civil 2(d), Arkansas Supreme Court Rule 6-9, and *Harwell-Williams v. Arkansas Department of Human Services,* 368 Ark. 183, 243 S.W.3d 898 (2006). We hold that there was a final order for appeal purposes in this case, and we remand to the court of appeals for further action.

On January 18, 2006, four juveniles, R.W. (then age 16), E.W. (then age 15), B.W. (then age 13), and C.W. (then age 8), were taken into protective custody by the Arkansas Department of Health and Human Services after receiving information that C.W. had been physically abused by his mother, Shannon West.[1] Shannon West had struck C.W. between fifty and sixty times with what the child referred to as a "wisdom whacker," a one-inch thick rectangular strap of leather. Severe bruising covered the vast majority of C.W.'s buttocks. On January 23, 2006, DHHS filed a petition for emergency custody of the four juveniles with the Washington County Circuit Court and sought a determination that the juveniles were dependent-neglected. The circuit court granted the petition for emergency custody finding that there was probable cause to believe that the juveniles were dependent-neglected and that it would be contrary to the welfare of the juveniles to allow them to remain in Shannon's custody.

---

[1] The Arkansas Department of Human Services became a separate department under Act 384 of 2007, effective July 1, 2007.

On March 20, 2006, the circuit court entered an adjudication and disposition order finding that the juveniles were dependent-neglected and were at a substantial risk of harm. The circuit court specifically found that Shannon West subjected C.W. to "horrific injury by beating him" and that this physical abuse caused Shannon to be an "unfit mother to all of her children." The circuit court ruled that all juveniles were to remain in DHHS custody.

Several permanency-planning and review orders were entered by the circuit court over the next year. In June of 2007, the circuit court entered a permanency-planning and review order granting permanent custody of E.W. to Kim Nero, the biological mother of R.W. and E.W.[2] The circuit court also stated in the order that the permanent goal for R.W., who had reached the age of majority and had graduated from high school, would be Another Planned Permanent Living Arrangement. The circuit court further ruled that the permanency plan goals for B.W. and C.W. would be reunification with their father, Curtis West, and that B.W. would begin a trial placement in Curtis West's home on June 15, 2007. C.W. remained in the care of his foster parents.

On August 8, 2007, the circuit court held a permanency-planning hearing and subsequently entered an order granting permanent custody of B.W. and C.W. to Curtis West. The order also stated that the case was closed as to E.W., who had previously been placed in the permanent custody of Ms. Nero, as well as B.W. and C.W., but the circuit court retained jurisdiction over R.W. and scheduled a future review hearing on his behalf. Shannon West filed a timely notice of appeal from the circuit court's permanency-planning order.

This case has been certified to this court from the court of appeals to resolve the question of whether the permanency-planning order granting permanent custody of B.W. and C.W. to Curtis West is a final, appealable order. It is well settled that this court will not address the merits of an appeal when the order appealed from is not a final, appealable order. *See, e.g., Seay v. C.A.R. Transp. Brokerage Co., Inc.*, 366 Ark. 527, 237 S.W.3d 48 (2006).

---

[2] The circuit court granted Kim Nero's motion to intervene in the proceedings on October 24, 2006.

Rule 2(d) of the Arkansas Rules of Appellate Procedure – Civil reads that "[a]ll final orders awarding custody are final appealable orders." In *Harwell-Williams v. Arkansas Department of Human Services*, 368 Ark. 183, 243 S.W.3d 898 (2006), this court allowed the appellant to appeal from an order titled "Adjudication of Dependency-Neglect Permanency Planning Order." That order, which dealt with two children only, granted permanent custody of one child to the children's father and closed the case with regard to that child. It also stated that the objectives regarding the second child would be the termination of the appellant's parental rights with the goal of adoption. The order specifically stated that the matter would be continued as to the second child, and a termination-of-parental-rights hearing was scheduled. Citing Rule 2(d) of the Arkansas Rules of Appellate Procedure – Civil, this court held that the appellant could appeal from the order though the case was closed only with regard to one child. *See Harwell-Williams, supra.*

The court of appeals certifies the question of whether Rule 2(d) is applicable in dependency-neglect cases and notes a potential conflict between Rule 2(d) and Rule 6-9 of the Arkansas Supreme Court Rules. The court also points out that the custody order in *Harwell-Williams, supra*, was entered before the effective date of Rule 6-9, which was July 1, 2006. Rule 6-9(a) provides:

Rule 6-9. Rule for appeals in dependency-neglect cases.

(a) *Appealable Orders.*

(1) The following orders may be appealed from dependency-neglect proceedings:

(A) adjudication order;

(B) disposition, review, and permanency planning order if the court directs entry of a final judgment as to one or more of the issues or parties based upon the express determination by the court supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. Rule 54(b);

(C) termination of parental rights; and

(D) denial of right to appointed counsel pursuant to Ark. Code Ann. § 9-27-316(h).

It is readily apparent from its text that Rule 6-9 does not specifically refer to permanent custody orders in the context of a dependency-neglect case. Accordingly, there is no direct conflict between Rule 2(d) and Rule 6-9, as Rule 6-9 does not state that permanent custody orders are not final, appealable orders or that a Rule 54(b) certificate is necessary for a permanent custody order relative to one child to be appealable. Rule 2(d), on the other hand, specifically states that custody orders are final, appealable orders. *See also Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002) (holding that Rule 2(d) permits an appeal from any order that is final as to the issue of custody, regardless of whether the order resolves all other issues).

In the order appealed from in this case, the circuit court specifically said that "[t]he case is closed as to [B.W.] and [C.W.]" because permanent custody was granted to Curtis West. We hold that Rule 2(d) applies to permanent custody orders in dependency-neglect cases, and, thus, Shannon West's appeal from the order granting permanent custody of B.W. and C.W. to Curtis West is a final, appealable order. We further hold that a Rule 54(b) certificate is not required under Rule 6-9 for an appeal of the permanent custody order regarding B.W. and C.W.

Having answered the certified question, we remand the case to the court of appeals for further action.