Courtney Hudson Goodson, Justice, dissenting. The expedition of the appellate process is our stated goal in dependency-neglect cases. Ashcroft v. Ark. Dep’t of Human Servs., 2009 Ark. 461, 2009 WL 3162287 (per curiam) (citing Ratliff v. Ark. Dep’t of Health & Human Servs., 371 Ark. 534, 268 S.W.3d 322 (2007)); see also Schubert v. Ark. Dep’t of Human Servs., 2009 Ark. 596, 357 S.W.3d 458. Rather than adhering to this important policy in matters involving children, the majority chooses to parse words and to reach a result that is both illogical and inconsistent with this court’s caselaw. I dissent. In this ease, the circuit court denied the Edwardses’ request for permanent custody of their granddaughter, M.A.E., and dismissed them from the dependency-neglect proceeding. | sThey wish to appeal that final custody decision. The majority acknowledges, as it must, that Arkansas Supreme Court Rule 6-9 does not speak of permanent custody orders in dependency-neglect cases. Yet, contrary to this court’s opinion in West v. Arkansas Department of Human Services, 373 Ark. 100, 281 S.W.3d 733 (2008), the majority holds that no appeal lies from the final, permanent custody order without a Rule 54(b) certificate. With all due respect, the majority’s position is not well taken. In West, this court addressed the issue whether' an order granting permanent custody of two children to their father could be appealed by the mother, from whose custody the children had been removed. Also in that case, the circuit court had continuing jurisdiction regarding another child, and the custody order contained no Rule 54(b) certificate, as required in some instances by Rule 6-9. We accepted certification of that case from the court of appeals to determine whether Rule 2(d) of the Arkansas Rules of Appellate Procedure-Civil applied to permanent custody orders in dependency-neglect cases and whether that rule conflicted with Rule 6-9. This, court found no conflict between the two rules and specifically held that Rule 2(d) applies to permanent custody orders in dependency-neglect cases. We reasoned as follows: It is readily apparent from its text that Rule 6-9 does not specifically refer to permanent custody orders in the context of,a dependency-neglect case. Accordingly, there is no direct conflict between Rule 2(d) and Rule 6-9, as Rule 6-9 does not state that permanent custody orders are not final, appealable orders or that a Rule 54(b) certificate is necessary for a permanent custody order relative to one child to be appeal-able. Rule 2(d), on the other hand, specifically states that custody orders are final,- appealable orders. See also Ford v. Ford, 347 Ark. 485, 65 S.W.3d 432 (2002) (holding that Rule 2(d) permits an appeal from any order that is final as to the issue of custody, regardless of bwhether the order resolves all other issues). In the order appealed from in this case, the circuit court .specifically said that “[t]he case is closed as to [B.W.] and [C.W.] ” because permanent custody was granted to Curtis West. We hold that Rule 2(d) applies to permanent custody orders in dependency-neglect cases, and, thus, Shannon West’s appeal from the order granting permanent custody of B.W. and C.W. to Curtis West is a final, appealable order: We further hold that a Rule 54(b) certificate is not required under Rule 6-9 for an appeal of the permanent custody order regarding B.W. and C.W. West, 373 Ark. at 104, 281 S.W.3d at 735-36. It is abundantly clear that the West court held without limitation that permanent custody orders'in dependency-neglect cases are appealable in their own right under Rule 2(d) without a Rule 54(b) certificate. Nonetheless, this majority now holds, as a matter of semantics, that Rulé 2(d) has no application to the permanent custody order at issue because Rule 2(d) only governs orders “awarding” custody, and the order in this case denied a request for permanent custody. However, the holding in West did not turn on the particular language of Rule 2(d) or whether the circuit court’s order granted or denied the petition for permanent custody. Instead, the decision rests on traditional jurisprudence and the firm understanding that permanent custody orders. are final and appealable under Rule 2(d), regardless of the outcome.[1] I find it to be wholly illogical that a parent involved in a dependency-neglect case has leave to appeal when permanent custody of his or her children is given to another person or a parent, as was the case in West, but a parent or other relatives, like the Edwardses,- who Impetition for permanent custody, may not in like fashion automatically appeal when the petition for permanent custody is denied. Bewilderingly,'today’s decision creates such an anomaly in the law.[2] [1] The majority also bases its decision partially on the fact 'that The dependency-neglect proceedings regarding M.A.E. were ongoing and not concluded by the circuit court’s order. However, that circumstance was also present in West and was no impediment to, review. Similarly, in Schubert, :supra, this;court permitted an immediate appeal from an order denying a motion to intervene, even though the dependency-neglect proceeding involving the child remained in progress.[3] Therefore, the pendency of a dependency-neglect case does not preclude an immediate appeal. Rule 6-9 remains silent on the’appeala-bility of final orders regarding petitions for permanent custody in dependency-neglect cases. Consequently, this court should continue to look to Rule 2(d) and our case-law to determine the issue. The majority offers no cogent reason for departing from this court’s decision in West and does not explain its logic for permitting the disparate treatment of litigants that will result from its decision. I would hold h,that the circuit court’s order denying the Edwards-es’ réquest for permanent custody is final and appealable without a Rule 54(b) certificate. Therefore, I dissent. Baker, J.,-joins. . My view that this court looks tp Rule 2(d) and traditional jurisprudence when considering the appeal of custody matters in dependency-neglect cases is also buttressed by our decision in Arkansas Department of Human Services v. Denmon, 2009 Ark. 485, 346 S.W.3d 283. There, we applied settled law applicable to domestic-relations cases to hold that an appeal-did not lie in that case because the order granted temporary,.not permanent, custody of the children. . I must also note that, under the majority’s strained interpretation of Rule 2(d), -there could be no -appeal from an order denying a parent’s, motion for a change of custody in domestic-relations cases, as there is technically no “award” of custody in- that situation . either. .In Schubert, this court was again confronted with a situation not covered by Rule 6-9. We relied on West and:Rule 2(d).to hold that an order denying a motion to., intervene in a dependency-neglect case is a final, appealable order without a Rule 54(b) certificatfe. Following that decision, Rule 6-9 was amended to state that the denial of a motion to inter■vene is an appealable order. See Rule 6-9(a)(Z )(E).