

Cite as 2016 Ark. App. 58

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–15–783

| | |
|---|---|
| JON CHRISTOPHER BEAN AND JENNIFER BEAN | **Opinion Delivered** January 27, 2016 |
| APPELLANTS | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. J–2014–572–3] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | HONORABLE THOMAS SMITH, JUDGE |
| APPELLEE | DISMISSED WITHOUT PREJUDICE |

**CLIFF HOOFMAN, Judge**

Appellants Jon Christopher Bean and Jennifer Bean appeal from a permanency-planning order filed by the Benton County Circuit Court on July 1, 2014, in which the circuit court denied appellants' motion for a Rule 54(b) certificate in compliance with the Arkansas Rules of Civil Procedure (2015). On appeal, appellants contend that (1) the denial of a motion for a Rule 54(b) certificate is an immediately appealable order and that (2) the circuit court abused its discretion in refusing to issue a Rule 54(b) certificate without considering the factors relevant to issuing such a certificate. We dismiss the appeal without prejudice for lack of a final order.

On July 22, 2014, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency–neglect of C.B.1 (D.O.B. 5/7/2010), C.B.2 (D.O.B. 6/25/2011), and C.B.3 (D.O.B. 1/27/2014). In the affidavit attached to the petition, DHS

stated that a seventy-two-hour hold was placed on the children on July 19, 2014, due to environmental neglect, inadequate supervision, medical neglect, and dependency neglect, after a series of DHS home visits. The circuit court granted the petition on July 22, 2014, finding that probable cause existed for the removal. A hearing was held on July 29, 2014, and the circuit court found that there was probable cause for the children to remain in DHS custody. The Beans were ordered to maintain the home's cleanliness pending adjudication and accept DHS services. Additionally, Mrs. Bean was ordered to complete a psychological evaluation.

After an adjudication hearing on September 16, 2014, the circuit court found that the children were dependent-neglected based on stipulation of the parties, and the case goal was set as reunification with the parents. After review hearings on December 23, 2014, and March 17, 2015, the circuit court found that the case goal should continue to be reunification with the parents. A permanency-planning hearing was held on June 30, 2015.

At the permanency-planning hearing, the circuit court orally announced that it was changing the goal of the case to reunification with a dual goal of termination because, while there had been some progress, it did not find that there had been enough progress. Subsequently, counsel for the Beans orally requested that the circuit court enter a Rule 54(b) certificate, which the circuit court denied.

The circuit court filed a written permanency-planning order on July 1, 2015. In this order, the circuit court found that the return of custody to the parents was contrary to the welfare of the children and that continued custody by DHS was in the best interest of, and necessary to, the protection of the children's health and safety. The circuit court listed that

the goal of the case was adoption with a secondary, concurrent goal of reunification. While the circuit court noted that the parents had partially complied with the case plan and court orders, it found that they had not made substantial progress on the case plan. The order specifically identified areas in which the parents needed to improve, such as employment and cleanliness of the home. Furthermore, the court noted that the Rule 54(b) motion had been denied. Finally, a termination-of-parental-rights hearing was scheduled for October 6, 2015. Appellants filed a motion to reconsider on July 10, 2015, requesting the court to modify the permanency-planning order and certify the matter as final and appealable under Arkansas Rule of Civil Procedure 54(b), or in the alternative grant them a new trial on the issue of a Rule 54(b) certificate. The circuit court never ruled on that motion, and this appeal followed.

On appeal, appellants contend that the denial of a motion for a Rule 54(b) certificate is an immediately appealable order and that the circuit court abused its discretion in refusing to issue a Rule 54(b) certificate without considering the factors relevant to issuing such a certificate. However, because we find that the circuit court's order is not final or otherwise appealable, we are unable to address the merits of the appeal at this time.

In *Schubert v. Arkansas Department of Human Services*, 2009 Ark. 596, at 5, 357 S.W.3d 458, 461, the supreme court stated that, "[p]ursuant to Rule 6-9(a)(1)(B), disposition, review, and permanency planning orders are only appealable . . . if the court enters an order in compliance with Ark. R. Civ. P. 54(b) (2009). Thus, not every order entered in a dependency-neglect case can be immediately appealed[.]" Rule 54(b) provides, in pertinent part, that the circuit court may direct the entry of a final judgment "only upon an express

determination supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." Ark. R. Civ. P. 54(b)(1). Furthermore, the court must execute a certificate "which shall set forth the factual findings upon which the determination to enter the judgment as final is based[.]" Ark. R. Civ. P. 54(b)(1). Accordingly, it is clear that the permanency-planning order is not a final, appealable order absent Rule 54(b) certification. *Ark. Dep't of Human Servs. v. Denmon*, 2009 Ark. 485, at 6, 346 S.W.3d 283, 287.

Appellants openly acknowledge that they may not appeal the merits of the permanency-planning order because it lacks a Rule 54(b) certificate. Instead, they limit their appeal solely to challenge the circuit court's denial of their motion for a Rule 54(b) certificate in the permanency-planning order. They argue that this denial is immediately appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(2) (2015), which provides that "[a]n order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action" is appealable. We disagree.

Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Doe v. Union Pac. R.R.*, 323 Ark. 237, 914 S.W.2d 312 (1996). In *Doe*, the supreme court interpreted Rule 2(a)(2) "to mean that, for an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. The order must be of such a nature as to not only decide the rights of the parties, but to put the court's directive into execution, ending the

litigation or a separable part of it." *Doe*, 323 Ark. at 240, 914 S.W.2d at 314. The *Doe* court found that an appeal from a ruling that denied a party the right to prosecute her case in anonymity was not appealable under Rule 2(a)(2). It explained that the court's ruling was on "a preliminary matter, unconnected with the merits of the litigation" and could not be "considered as ending a separable branch of the litigation." *Id.* Additionally, the supreme court declined to employ an exception to Rule 2, as it had done in *Omni Farms, Inc. v. Arkansas Power & Light Co.*, 271 Ark. 61, 607 S.W.2d 363 (1980) and *Gipson v. Brown*, 288 Ark. 422, 706 S.W.2d 369 (1986). *Doe, supra.* In those cases, the supreme court recognized that while the orders were technically interlocutory in nature, they had the practical effect of a final ruling on the merits of the case and that an exception was warranted. *Id.* In contrast, while the supreme court noted that Doe's issue may have been important, it did not, from a practical standpoint, conclude the merits of the case. *Id.*

Likewise, the circuit court's denial of a Rule 54(b) certificate in the permanency-planning order does not dismiss the parties or conclude their rights to the subject matter in controversy. Furthermore, an exception to Rule 2, as alternatively urged by appellants, is not warranted under these circumstances. The circuit court's denial simply precludes appellants from filing an interlocutory appeal before the entire case is concluded and does not have the practical effect of a final ruling on the merits. Furthermore, despite their allegations to the contrary, appellants are not procedurally barred from properly raising the merits of their preserved arguments before this court once a final order is entered. *See Henson v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 225, at 5, 434 S.W.3d 371, 374. An appeal from any final

order also brings up for review any intermediate orders involving the merits and necessarily affecting the judgment. Ark. R. App. P.–Civ. 2(b). To allow an appeal at this point would only invite two more appeals where one would suffice and permit piecemeal litigation. Therefore, because the circuit court's order is not a final or otherwise appealable order, we lack jurisdiction to hear the appeal. Accordingly, the appeal must be dismissed without prejudice.

Dismissed without prejudice.

GRUBER and WHITEAKER, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.