Kenneth S. Hixson, Judge, concurring.
This is a clarion call to any attorney who practices dependency-neglect law. To ignore the majority opinion herein may well cause your client to effectively forfeit his or her right of appeal. The narrow issue that has devolved in this case sua sponte is which appellate rules apply to a permanency-planning order where the disposition is permanent custody of the minor: Arkansas Supreme Court Rule 6-9 or Ark. R. App. P.-Civ. 2(d) and 4(a). This is a particularly devastating trap for the unwary.
In this case the order being appealed is a permanency-planning order awarding permanent custody to relatives. Supreme Court Rule 6-9(a) provides that certain orders in a dependency-neglect case are appealable. Here, the order was not appealable under Rule 6-9 because subsection (a)(B) of the Rule provides that a permanency-planning order is appealable only when there is a Rule 54(b) certificate, which is absent in this case. This order was, however, appealable under Ark. R. App. P.-Civ. 2(d), which provides that "[a]ll final orders awarding custody are final and appealable orders."
This is consistent with supreme court caselaw. In West v. Arkansas Department of Human Services , 373 Ark. 100, 281 S.W.3d 733 (2008), we certified the case to the supreme court to decide whether a permanency-planning order granting permanent custody was final and appealable where there was no Rule 54(b) certificate. The supreme court held that such an order is appealable-not under Supreme Court Rule 6-9 but under Ark. R. App. P.-Civ. 2(d) -because it was an order of permanent custody. The West court wrote:
The court of appeals certifies the question of whether Rule 2(d) is applicable in dependency-neglect cases and notes a potential conflict between Rule 2(d) and Rule 6-9 of the Arkansas Supreme Court Rules.... Rule 6-9(a) provides:
Rule 6-9. Rule for appeals in dependency-neglect cases.
(a) Appealable Orders.
*71 (1) The following orders may be appealed from dependency-neglect proceedings:
(A) adjudication order;
(B) disposition, review, and permanency planning order if the court directs entry of a final judgment as to one or more of the issues or parties based upon the express determination by the court supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. Rule 54(b) ;
(C) termination of parental rights; and
(D) denial of right to appointed counsel pursuant to Ark. Code Ann. § 9-27-316(h).
It is readily apparent from its text that Rule 6-9 does not specifically refer to permanent custody orders in the context of a dependency-neglect case. Accordingly, there is no direct conflict between Rule 2(d) and Rule 6 - 9, as Rule 6-9 does not state that permanent custody orders are not final, appealable orders or that a Rule 54(b) certificate is necessary for a permanent custody order relative to one child to be appealable. Rule 2(d), on the other hand, specifically states that custody orders are final appealable orders. See also Ford v. Ford , 347 Ark. 485, 65 S.W.3d 432 (2002) (holding that Rule 2(d) permits an appeal from any order that is final as to the issue of custody, regardless of whether the order resolves all other issues).
In the order appealed from in this case, the circuit court specifically said that "[t]he case is closed as to [B.W.] and [C.W.]" because permanent custody was granted to Curtis West. We hold that Rule 2(d) applies to permanent custody orders in dependency-neglect cases , and, thus, Shannon West's appeal from the order granting permanent custody of B.W. and C.W. to Curtis West is a final, appealable order. We further hold that a Rule 54(b) certificate is not required under Rule 6-9 for an appeal of the permanent custody order regarding B.W. and C.W.
West , 373 Ark. at 103-04, 281 S.W.3d at 735-36 (emphasis added). Notably, there was no discussion in West with respect to when the notice of appeal was due; the supreme court simply held that a permanent custody order in a dependency-neglect case is appealable under Ark. R. App. P.-Civ. 2(d).
A year later in 2009, the supreme court again was confronted with a possible conflict between Supreme Court Rule 6-9 and Ark. R. App. P.-Civ. 2(d). In Schubert v. Arkansas Department of Human Services , 2009 Ark. 596, 357 S.W.3d 458, the supreme court held, in a dependency-neglect case, that a denial of a motion to intervene could not be appealed under Supreme Court Rule 6-9 because it was not specifically appealable under that rule,[1] and instead that it was appealable only under Ark. R. App. P.-Civ. 2(a)(2), adopting the same principle that the supreme court enunciated in West. In Schubert , the appellant failed to sign the notice of appeal. Rule 6 - 9(b)(1)(B) requires the appellant to sign the notice of appeal; Ark. R. App. P.-Civ. 2 does not. Hence, the issue was whether the appellant was required to sign the notice of appeal as required by Rule 6-9, as a jurisdictional requirement. The supreme court held that the lack of a signature on the notice of appeal was not *72 fatal to its jurisdiction because the appeal was predicated on Ark. R. App. P.-Civ. 2(a)(2) and not on Rule 6 - 9(b)(1)(B).
That brings us to the present case. Neither West nor Schubert discussed the timeliness of the notice of appeal. Under Supreme Court Rule 6-9, the notice of appeal must be filed within twenty-one days. However, under Ark. R. App. P.-Civ. 4(a), the notice of appeal must be filed within thirty days. Relying on the principles set forth by the supreme court in West and Schubert , one would reasonably conclude that because the order was appealable only under Ark. R. App. P.-Civ. 2(d), the notice of appeal should be filed within thirty days pursuant to Ark. R. App. P.-Civ. 4(a), which provides that a notice of appeal shall be filed within thirty days of the judgment.
However, our more recent caselaw indicates otherwise. In Clark v. Arkansas Department of Human Services , 2016 Ark. App. 286, 493 S.W.3d 782, the court of appeals indicated that the twenty-one-day period for filing the notice of appeal prescribed by Supreme Court Rule 6-9(b)(1) was applicable to an order of permanent custody entered in a dependency-neglect case. More importantly, the supreme court announced as much in Lee v. Arkansas Department of Human Services , 2016 Ark. 87. Lee was an appeal from a permanent-custody order emanating from a dependency-neglect case. Despite the holdings and rationale in West and Schubert , the supreme court wrote:
According to Ms. Lee, she attempted to file notices of appeal in April 2015 and in June 2015, but both were "denied." On January 19, 2016, Ms. Lee filed with the clerk of this court a motion requesting to appeal the June 29, 2015 order. Pursuant to Supreme Court Rule 6-9(b)(1), Ms. Lee's notice of appeal was due within 21 days of the entry of the order. Therefore, the notice of appeal was not timely filed. Accordingly, this motion will be treated as a motion for belated appeal.
Lee , 2016 Ark. 87, at 1 (emphasis added).
In Lee , the facts were such that the appellant would have missed either the 21-day deadline or the 30-day deadline as the notice of appeal was untimely regardless of which rule applied, and therefore, the supreme court's statement that "Ms. Lee's notice of appeal was due within 21 days of the entry of the order" could be construed as dicta. As such, the supreme court did not explain why the twenty-one-day limit prescribed by Supreme Court Rule 6-9(b)(1) was applicable instead of the thirty-day limit prescribed by Ark. R. App. P.-Civ. 4(a). Despite the fact the opinion was silent on its reasoning, the supreme court plainly stated in Lee that the notice of appeal from a dependency-neglect order awarding permanent custody was due within twenty-one days of the entry of the order.
Hence, the clarion call to practitioners. In West , the supreme court held that the right to appeal an order of permanent custody arising out of a dependency-neglect proceeding has its basis in Ark. R. App. P.-Civ. 2(d). In Schubert , the supreme court held that the mandatory requirement in Rule 6-9 that the appellant must sign the notice of appeal is not applicable to an appeal under Ark. R. App. P.-Civ. 2. Then, the supreme court apparently reversed course, or at least changed course, in Lee and held that the notice of appeal for permanent custody arising out of a dependency-neglect proceeding must be filed within the time parameters in accordance with Supreme Court Rule 6-9 instead of Ark. R. App. P.-Civ. 2(d) and 4(a). The court of appeals is bound to follow the decisions of our supreme court.
*73 Surratt v. State , 2013 Ark. App. 167, 2013 WL 831052. That being so, I must concur with the majority's decision today to dismiss the appellants' appeal in this dependency-neglect case on the grounds that the notice of appeal was not filed within twenty-one days of the entry of the order being appealed. The result is that we have a virtual smorgasbord of rules to choose from; some from column A and some from column B. Some appellate rules in the case at bar emanate from Ark. R. App. P.-Civ. 2(d) ; some appellate rules in this case emanate from Supreme Court Rule 6-9. It is up to the practitioner to divine which subsection of which rule applies to his or her case. If the practitioner divines incorrectly, the appellate courts will summarily dismiss the appeal for lack of jurisdiction, and the parent who lost custody of his or her child will be left without recourse. Until or unless the supreme court reviews this menagerie of rules-practitioner beware.

Rule 6-9 has since been amended to include a denial of a motion to intervene as an appealable order.