### S.F. & D.F. *v.* ARKANSAS DEPARTMENT of HEALTH & HUMAN SERVICES

07-735                                    261 S.W.3d 462

Supreme Court of Arkansas
Opinion delivered September 6, 2007

*Jeff Rosenzweig,* for appellants.

*Sharon Bray Taylor,* attorney ad litem for minor child.

*Gray Allen Turner,* Ark. Dep't of Human Servs., Office of Chief Counsel, for appellee.

P ER CURIAM. Appellants S.F. and D.F., by and through their attorney, Jeff Rosenzweig, have filed a motion for rule on clerk, after their record was refused due to their notice of appeal's noncompliance with Ark. Sup. Ct. R. 6-9(b)(2)(D). We therefore treat the instant motion as one for a belated appeal.

On May 22, 2007, the circuit court entered an order adjudicating G.A., the Appellants' adopted child, dependent-neglected. On June 5, 2007, Mr. Rosenzweig filed a notice of appeal; however, the notice of appeal was not signed by Appellants as required by Rule 6-9(b)(2)(D). On July 11, 2007, Mr. Rosenzweig tendered the record, which was refused by the clerk of this court because of the noncompliance with Rule 6-9(b)(2)(D).[1] In

---

[1] Prior to the filing of the instant motion, Appellee Arkansas Department of Health and Human Services filed a motion to dismiss Appellants' appeal because of the failure of Appellants to sign the notice of appeal. DHHS also averred that dismissal was warranted

the motion for rule on clerk, Mr. Rosenzweig admits that it was his fault that Appellants failed to sign the original notice of appeal.

Relief from the failure to perfect an appeal is provided as part of the appellate procedure granting the right to an appeal. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). In *McDonald*, we clarified our treatment of motions for rule on clerk and motions for belated appeal in criminal cases, explaining:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). When it is plain from the motions, affidavits, and record that relief is proper based on error or good reason, the relief will be granted. *Id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *Id.* While the instant case is not a criminal case, we have afforded indigent parents appealing from a termination of parental rights similar protections as those afforded indigent criminal defendants. *See, e.g., Flannery v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 31, 242 S.W.3d 619 (2006) (per curiam).

It is plain from the instant motion that there was error on the part of Mr. Rosenzweig. A review of the notice of appeal reveals that neither of the Appellants signed it. Rule 6-9(b)(2)(D) is clear:

> The notice of appeal and designation of the record shall be signed by the appellant, if an adult, and appellant's counsel. The notice shall set forth the party or parties initiating the appeal, the address of the party or parties, and specify the order from which the appeal is taken.

---

because the adjudication order was not a final, appealable order. Pursuant to Ark. Sup. Ct. R. 6-9(a)(1)(A), an adjudication order is an appealable order. Thus, DHHS's motion to dismiss is denied as of this date, but its motion for anonymity to protect the identity of Appellants and the minor child is granted. *See S.F. and D.F. v. Arkansas Dep't of Health & Human Servs.*, No. 07-630 (Ark. Sept. 6, 2007).

■ Because the notice of appeal lacked the signature of each Appellant, it was deficient. Pursuant to *McDonald*, 356 Ark. 106, 146 S.W.3d 883, we grant Appellants' motion for belated appeal and forward a copy of this opinion to the Committee on Professional Conduct.

Motion for belated appeal granted.

Motion to dismiss denied.

Motion for anonymity granted.

IMBER, J., not participating.