268 S.W.3d 322 (2007)
Tiffiny RATLIFF, Appellant,
v.
ARKANSAS DEPARTMENT OF HEALTH AND HUMAN SERVICES and D.K.R., D.R., & A.R., Appellees.
No. 07-987.
Supreme Court of Arkansas.
November 15, 2007.
*323 Cauley, Bowman, Carmen & Williams, PLLC, by: Deborah R. Sallings, Little Rock, AR, for appellant.
Gary R. Sammons and Gray Allen Turner, Office of Chief Counsel, for appellee Arkansas Dep't of Health & Human Services.
Keith L. Chrestman, for appellees D.K.R., D.R. & A.R.
PER CURIAM.
Appellees D.K.R., D.R., and A.R. move the court to dismiss the appeal of an order terminating parental rights. They argue that Appellant Ratliff did not timely file her notice of appeal, and as such, this court is deprived of jurisdiction. Appellees point out that the notice of appeal was filed on July 17, 2007, forty-seven days after the May 31, 2007, order terminating parental rights. Appellant responds, asserting that a motion for reconsideration filed within ten days of an order terminating parental rights extends the deadline for filing of a notice of appeal by thirty days from the deemed-denied date.
Rule 6-9(b)(2) sets fourteen days as the time within which the notice of appeal must be filed in cases involving the termination of parental rights. Ark. Sup. Ct. R. 6-9(b) (2007). The express purpose of this rule is "to expedite the appellate process in dependency-neglect cases ... curtailing extensions, and establishing time lines." In re Adoption of Rule 6-9 and 6-10 of the Rules of the Supreme Court and Court of Appeals (Rules for Appeals in Dependency-Neglect Cases), 366 Ark. Appx. ___ (May 18, 2006) (per curiam). Rule 4(b)(1) of the Arkansas Rules of Appellate ProcedureCivil allows the deadline for a notice of appeal to be extended to the deemed-denied date. Ark. R.App. P.Civ. 4(b)(1) (2007). Appellant asks us to extend this appellate rule to dependency-neglect cases; however, we find that extending this rule would vitiate the purpose of Rule 6-9(b), and we will not do so.
While the instant case is not a criminal case, we have afforded indigent parents appealing from a termination of parental rights similar protections as those afforded indigent criminal defendants. S.F. v. Arkansas Dep't of Health and Human Servs. 370 Ark. 475, 261 S.W.3d 462 (2007). Because expedition of the appellate process is our stated goal in dependency-neglect cases, we find that to simply deny this motion would contradict that *324 purpose, requiring counsel for Appellant to file a motion for belated appeal and further delaying this appeal. We will therefore deny Appellees' motion to dismiss and treat Appellant's response as a motion for belated appeal.
Relief from the failure to perfect an appeal is provided as part of the appellate procedure granting the right to an appeal. Id. (citing McDonald v. State, 356 Ark. 106, 146 S.W.3d 883 (2004)). In McDonald, we clarified our treatment of motions for rule on clerk and motions for belated appeal in criminal cases, explaining:
Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.
Id. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. See Martin v. Ark. Dep't of Health & Human Servs. 369 Ark. 477, 255 S.W.3d 830 (2007) (per curiam). When it is plain from the motions, affidavits, and record that relief is proper based on error or good reason, the relief will be granted. McDonald, supra. If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. Id.
As it is plain from the motions that relief is proper, we grant Appellant's motion for belated appeal. Because we grant Appellant's motion for belated appeal, we deny Appellee's motion to dismiss.
Motion to dismiss denied; motion for belated appeal granted.