Randolph MORRIS *v.* STATE of Arkansas

CR 08-298                                    282 S.W.3d 757

Supreme Court of Arkansas
Opinion delivered April 10, 2008

Per Curiam. Appellant Randolph Morris, by and through his attorney, John F. Gibson, Jr., has filed a motion for rule on clerk. Appellant was convicted of one count of possession of cocaine with intent to deliver and one count of fleeing. The record reflects that Appellant received an aggregate sentence of 480 months' imprisonment in the Arkansas Department of Correction. However, on July 17, 2007, a judgment and commitment order was entered erroneously reflecting that Appellant was being transferred to the Department of Community Punishment. On August 2, 2007, an amended judgment and commitment order was entered correcting this error. Appellant filed a notice of appeal from the original judgment order on July 17, 2007, and a notice of appeal from the amended judgment order on August 21, 2007.

On September 6, 2007, the circuit court issued an order extending the time for filing the record on appeal until March 2, 2008. This deadline was calculated based on the date of the amended judgment order. As this date fell on a Sunday, the time to file the record on appeal was extended to the next business day, March 3, 2008, pursuant to Ark. R. App. P.–Crim. 17. Appellant tendered the record on March 3, 2008. The supreme court clerk properly refused to file the record because it had been tendered outside the time period for docketing the case based on the date the original judgment order was entered of July 17, 2007.

The time in which a record on appeal must be lodged in criminal matters is governed by Ark. R. App. P.–Civ. 5(b)(2), applicable pursuant to Ark. R. App. P.–Crim. 4(a). The rule provides that a trial court cannot extend the time for the filing of the record on appeal to a date more than seven months from the date of the entry of the judgment or order, or from the date on which a timely postjudgment motion is deemed to have been disposed of under Rule 4(b)(1), whichever is later. The order extending the time to file the record must be entered within ninety days from the filing of the first notice of appeal. Ark. R. App. P.–Civ. 5(a).

Here, it is apparent from the record that Appellant was sentenced to the Arkansas Department of Correction. Thus, the original judgment order transferring Appellant to the Department of Community Punishment contained a clerical error. Pursuant to Ark. R. Civ. P. 60(b), the circuit court may at any time correct

clerical mistakes in judgments. *See also Carter v. Norris*, 367 Ark. 360, 240 S.W.3d 124 (2006) (per curiam). The only change in the amended judgment was correction of this clerical mistake. Both the original notice of appeal and the amended notice of appeal state that Appellant is appealing from the judgment in favor of the State. Thus, the original judgment order is that which is being appealed from. As such, the deadline for filing the record on appeal should have been calculated from the date of the original judgment order, and not from the date of the amended judgment order. *See* Ark. R. App. P.–Civ. 5(b); *Bulsara v. Watkins*, 370 Ark. 461, 261 S.W.3d 461 (2007) (per curiam). The original judgment order was entered on July 17, 2007, thus the time period for filing the record on appeal expired on February 18, 2008. Appellant's tendering of the record on March 3, 2008, was therefore untimely.

Despite Appellant's failure to properly perfect this appeal, the State cannot penalize a criminal defendant by declining to consider his first appeal when counsel has failed to follow appellate rules. *Franklin v. State*, 317 Ark. 42, 875 S.W.2d 836 (1994) (per curiam). In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), we clarified our treatment of motions for belated appeals and motions for rule on clerk.

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While we no longer require an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* Mr. Gibson does not admit fault, but his fault is clear from the record. Therefore, we direct the clerk of this court to accept the record and docket the appeal, and we refer the matter to the Committee on Professional Conduct.

Motion granted.