2009 Ark. 139

**Robert GREEN, Jr., Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–155.**

Supreme Court of Arkansas.

March 12, 2009.

Gary W. Potts, Monticello, for appellant.

No response.

PER CURIAM.

Appellant Robert Green, Jr., by and through his attorney, Gary W. Potts, has filed a motion for rule on clerk.

Green was convicted by a Desha County jury of delivery of cocaine. The judgment and commitment order was entered on July 3, 2008, reflecting a sentence of 610 months in the Arkansas Department of Correction. On July 14, 2008, the circuit court entered an amended judgment and commitment order that set out a sentence of 600 months. Green filed his notice of appeal on August 4, 2008. On August 22, 2008, Green obtained an order extending the time to lodge the record with this court. The order stated that the time was extended "for seven months from the date of the Judgment and Commitment."

Green's attorney, Gary Potts, attempted to tender the record to this court on February 6, 2009. However, the clerk's office rejected it as untimely. Potts has now filed the instant motion for rule on clerk in which he accepts responsibility for miscalculating the deadline for filing the record, stating that he wrongly calculated the seven months from the filing date of the amended judgment and commitment order, rather than the original judgment and commitment order. *See, e.g., Morris v. State,* 373 Ark. 190, 282 S.W.3d 757 (2008).

This court clarified its treatment of motions for rule on clerk in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault

should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.,* 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should can- didly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra,* Potts has candidly admitted fault. The |₃motion is, therefore, granted, and a copy of this opinion will be forwarded to the Committee on Professional Conduct.