

SLIP OPINION

Cite as 2013 Ark. 325

# SUPREME COURT OF ARKANSAS

No. CR–13–672

DEMARLON COAKES

APPELLANT

**Opinion Delivered** September 12, 2013

V.

STATE OF ARKANSAS

APPELLEE

MOTION FOR RULE ON CLERK GRANTED.

## PER CURIAM

Appellant Demarlon Coakes, by and through his attorney, Dennis R. Molock, has filed a motion for rule on clerk. On December 19, 2012, the circuit court entered a sentencing order. Coakes timely filed a notice of appeal on January 7, 2013. On March 8, 2013, Coakes filed a motion for extension of time to file transcript. While the Circuit Court of Arkansas County extended the time to file the transcript to August 7, 2013, a circuit court may not extend the time for filing the record more than seven months from the date of the entry of the judgment or order as required by Arkansas Rule of Appellate Procedure–Crim. 4(c)(2) (2012). Therefore, the transcript was due July 19, 2013, seven months after the entry of the sentencing order. Coakes tendered the record of the proceedings on July 30, 2013. Coakes's record was tendered untimely.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or

attorney filing the appeal is at fault, or, there is "good reason." *Id*. at 116, 146 S.W.3d at 891.

We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id*., 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id*. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id*. If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id*.

It is plain from the motion and record before us that there was error on Mr. Molock's part in failing to tender the record by July 19, 2013. Pursuant to *McDonald*, we grant Coakes's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.

*Dennis R. Molock*, for appellant.

No response.