# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-304

| | |
|---|---|
| RANDY KELSO | **Opinion Delivered** SEPTEMBER 18, 2013 |
| APPELLANT | |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. J-11-806-3] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | HONORABLE STACEY ZIMMERMAN, JUDGE |
| APPELLEES | AFFIRMED |

**DAVID M. GLOVER, Judge**

Appellant Randy Kelso's parental rights to seven of his children were terminated by the Washington County Circuit Court in an order filed on January 14, 2013.[1]  On appeal, Kelso's arguments are that the trial court erred in relying on a statute that was repealed in 2007 to incorporate testimony from prior proceedings into its decision to terminate his parental rights and in granting the motion of DHS to incorporate into the record all the pleadings and testimony in this case.  We affirm.

Kelso makes no argument on appeal that it was not in the best interest of the children for his parental rights to be terminated, nor does he argue that DHS did not prove at least one ground alleged for termination in the petition for termination of

---

[1]Jocelyn Kelso, the mother of these seven children, also had her parental rights terminated, but she is not a party to this appeal.

parental rights. Therefore, no sufficiency argument has been preserved for appeal. For this reason, it is not necessary to delve into the specific facts of this case.

Cases involving the termination of parental rights are reviewed de novo on appeal. *Dinkins v. Arkansas Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Kelso complains of two errors that appear in a form termination order used by the trial court. First, the trial court marked an "X" and circled the word "grants" beside the line that states, "DHS's attorney's motion to incorporate into the record all the pleadings and testimony in this case," although DHS had never filed such a motion in this case. Second, the trial court also placed an "X" beside the line that stated, "Pursuant to Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(d)(2), since the mother/father have been represented by an attorney since the adjudication hearing, the Court must take judicial notice and incorporate by reference into the record all pleadings and testimony in the case incurred before the termination of parental rights hearing." This provision of the code recited in the form termination order was repealed by Act 587 of 2007. The repeal of this provision occurred due to the implementation of Rule 6-9 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, which now set forth the rules for appeals in dependency-neglect cases.

Appellees argue that these issues are also not preserved for appeal because Kelso did not raise these issues below to the trial court for a ruling, nor did he file a motion either under Rule 60 of the Arkansas Rules of Civil Procedure to modify the judgment or under Rule 52 for the trial court to make specific findings of fact or conclusions of law. We

2

disagree. The first possible time Kelso could have known that the trial court erroneously checked these provisions in the termination order was when in fact he received the termination order. Furthermore, we hold that a party need not file post-trial motions in termination proceedings. In *Ashcroft v. Arkansas Department of Human Services*, 2009 Ark. 461, at 2–3, our supreme court specifically held that post-trial motions will not extend the time for filing the notice of appeal in dependency-neglect cases:

> Rule 6-9 sets twenty-one days as the time within which the notice of appeal must be filed in cases involving dependency neglect. Ark. Sup. Ct. R. 6-9(b)(1) (2009). In addition, Rule 6-9(b)(4) states that "[t]he time in which to file a notice of appeal or a notice of cross-appeal and the corresponding designation of record will not be extended." The express purpose of Rule 6-9(b) is to expedite the appellate process in dependency-neglect cases. *Ratliff v. Ark. Dep't of Health & Human Servs.*, 371 Ark. 534, 268 S.W.3d 322 (2007) (per curiam). Although Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure-Civil allows the deadline for a notice of appeal to be extended where certain post-trial motions have been filed, we have held that we will not extend that rule to dependency-neglect cases because doing so would vitiate the purpose of Rule 6-9(b). *Ratliff*, 371 Ark. at 535, 268 S.W.3d at 323.

This ruling effectively prevents counsel in dependency-neglect actions from filing and obtaining a ruling on post-trial motions prior to the deadline for filing a notice of appeal. As a result, we find that the issues raised by counsel have been sufficiently preserved for our review.

> But, we also hold that Kelso's arguments must fail. Rule 6-9(c)(1) provides:

> The record for appeal shall be limited to the transcript of the hearing from which the order on appeal arose, any petitions, pleadings, and orders relevant to the hearing from which the order on appeal arose, all exhibits entered into evidence at that hearing, and all orders entered in the case prior to the order on appeal.

Kelso argues that Rule 6-9 no longer allows inclusion of the transcripts of previous hearings, thereby placing an appellant in the "inequitable position" of not being able to receive a review of all the evidence when a trial court, "in a wholesale manner," incorporates by reference testimony from prior proceedings, creating a "serious deprivation" of a meaningful appellate review. He cites our court's decision in *Payne v. Arkansas Department of Human Services*, 2013 Ark. App. 186, as an instance where this court allowed the record to be supplemented with transcripts and testimony from prior proceedings.[2] However, our court's decision in *Payne* was vacated by our supreme court. *See Payne v. Arkansas Dep't of Human Servs.*, 2013 Ark. 284. Nevertheless, the issue in our supreme court's *Payne* decision was what had to be included in the record in a no-merit dependency-neglect case. That is not the issue in the present case—this is not a no-merit appeal, and therefore, our supreme court's *Payne* decision has no application.

Here, Kelso is complaining that the trial court erroneously considered evidence that was not presented at the termination hearing. We cannot agree. We hold that our court's decision in *Smith v. Arkansas Department of Health and Human Services*, 100 Ark. App. 74, 264 S.W.3d 559 (2007), is controlling. *Smith*, like the present case, was a merit appeal, and the issue in that case is exactly the issue Kelso raises in the present appeal. In *Smith*, our court held:

---

[2]Kelso also cites *Mancia v. Arkansas Dep't of Human Servs.*, 2013 Ark. App. 265; however, the issue in that case was supplementation of the record because the transcripts from prior hearings were entered as exhibits. Rule 6-9 specifically provides that all exhibits entered into evidence are to be included in the record. That is not the case here.

Smith argues that, because the termination order "contains evidence not presented at the termination hearing," it violates Ark. Sup. Ct. R. 6-9. The relevant portion of that rule reads:

> The record for appeal shall be limited to the transcript of the hearing from which the order on appeal arose, any petitions, pleadings, and orders relevant to that hearing, and all exhibits entered into evidence at that hearing.

Ark. Sup. Ct. R. 6-9(c)(1).

The trial court's order does in fact refer to prior orders and evidence from earlier proceedings. However, we find no error. In *Osborne v. Arkansas Department of Human Services*, 98 Ark. App. 129, 252 S.W.3d 138 (2007), the appellant argued that the trial court erred in relying on evidence from prior hearings in a termination case. We disagreed and stated:

> The process through which a parent or parents travel when a child is removed from their home consists of a series of hearings—probable cause, adjudication, review, no reunification, disposition, and termination. All of these hearings build on one another, and the findings of previous hearings are elements of subsequent hearings.

*Id.* at 136, 252 S.W.3d at 143 (quoting *Neves da Rocha v. Ark. Dep't of Human Servs.*, 93 Ark. App. 386, 219 S.W.3d 660 (2005)).

We recognize that the termination order in *Osborne* was entered before the effective date of Rule 6-9, but we see no reason to depart from its holding. Rule 6-9 governs "appeals in dependency-neglect cases." It contains provisions pertaining to appealable orders, notices of appeal, the record on appeal, the parties' petitions and responses, and other appellate forms and procedures. It does not state that it governs a trial court's manner of deciding dependency-neglect proceedings. In particular, we find nothing in the rule that dictates what evidence may be considered by a trial court in termination proceedings. We therefore reject Smith's argument.

100 Ark. App. at 83–84, 264 S.W.3d at 566.

*Smith* makes it clear that Rule 6-9 does not limit the evidence that may be considered by a trial court in termination proceedings. Because the trial court was not

5

limited as to what it could consider, Kelso cannot show that he was prejudiced by the trial court's errors in simply marking the incorrect statements on the termination order.

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellant.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor children.