SLIP OPINION

Cite as 2015 Ark. 21

# SUPREME COURT OF ARKANSAS

No. CV–14–1013

| | |
|---|---|
| ABIGAIL ADAMS RANSOM AND OWEN DAMAR HARVEY<br><br>APPELLANTS<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES<br><br>APPELLEE | Opinion Delivered January 22, 2015<br><br>MOTION FOR BELATED APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT; PETITION TO PROCEED IN FORMA PAUPERIS [NO. 60JV-13-596]<br><br>HONORABLE PATRICIA JAMES, JUDGE<br><br>MOTION GRANTED IN PART; DENIED IN PART. |

## PER CURIAM

Appellants, Abigail Adams Ransom and Owen Damar Harvey, are the parents of a minor child, D.H. On October 23, 2014, the Pulaski County Circuit Court entered an ordering terminating Ransom and Harvey's parental rights of D.H. Arkansas Supreme Court Rule 6-9(a)(1)(C) (2014) provides that termination of parental rights may be appealed from dependency-neglect proceedings, and subpart (b)(1) states that the notice of appeal shall be filed within twenty-one days following entry of the circuit court's order. Ransom and Harvey failed to timely appeal. On November 25, 2014, Ransom and Harvey each filed two simultaneous motions, one seeking to file a belated appeal and one seeking to proceed in forma pauperis.

This court clarified its treatment of motions for rule on clerk and motions for belated

appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. . . . Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted).

On December 11, 2014, we remanded the matter to the circuit court for a finding of attorney fault. On December 19, 2014, the circuit court conducted a hearing to determine attorney fault and took testimony from Ransom, Harvey, Ransom's attorney, Jack Kearney, and Harvey's former attorney, Melody Barnett. On December 22, 2014, the circuit court entered its findings and held that Kearney was at fault for Ransom's delay. Further, the circuit court found that Harvey's delay was not due to attorney error. On January 6, 2015, Kearney filed with this court a motion to be relieved as attorney of record, to determine indigency status of Ransom, and to appoint appellate counsel for Ransom.

The circuit court's "Order Determining Attorney Fault" is now before us. First, with regard to Ransom, the circuit court's findings indicate that Kearney was the attorney of record and notified through email of the circuit court's October 23, 2014 order granting his motion to be substituted as counsel for Ransom and the order on the termination of rights. Further, the circuit court found that, although Kearney had filed a motion to be relieved as counsel after the close of business on Wednesday, November 12, 2014, there was no indication that the motion was sent to Ransom in the certificate, and there was no indication that Ransom

consented to the motion. Ransom's pro se notice of appeal filed on the next Monday, November 17, 2014, divested the circuit court of jurisdiction to act on the motion. Finally, the circuit court found that there was no indication that Kearney was not able to reach Ransom and found that it was Kearney's responsibility to notify his client of the termination order and either file a notice of appeal or obtain a timely order relieving him as counsel. In reviewing the motion, we note that "[a]s the merit of the motion for belated appeal rest[s] on the credibility of the witnesses and this court recognizes that it is the lower court's task to assess the credibility of witnesses and resolve conflicts of fact." *Frazier v. State*, 339 Ark. 173, 175, 3 S.W.3d 334, 335–36 (1999) (internal citations omitted). We accept the trial court's finding that Kearney was at fault. Accordingly, Ransom's motion for belated appeal is granted, and we forward a copy of this opinion to the Committee on Professional Conduct.

Second, with regard to Harvey, the circuit court's findings indicate that Harvey's counsel, Melody Barnett, was to be relieved as Harvey's counsel in the circuit court's October 23, 2014 termination order if no motion for indigency was filed within fourteen days. The circuit court found Barnett's testimony credible that she had attempted to locate Harvey but did not have valid contact information. The circuit court's notes indicated that, at the termination hearing, Harvey could not provide the court with a physical or mailing address of his residence. Further, in its findings, the circuit court indicated that Barnett had unsuccessfully attempted to locate Harvey through parole records. The circuit court found that Barnett was not at fault for not filing a motion for indigency or a notice of appeal for Harvey. We accept this finding and deny Harvey's motion for belated appeal and his petition

SLIP OPINION

to proceed in forma pauperis.

The record should be filed with our clerk within thirty days from the date of this per curiam order. At that time, a briefing schedule will be set. Finally, we grant Ransom's petition to proceed in forma pauperis; grant Kearney's motion to be relieved as counsel and motion for appointment of counsel. We appoint the Arkansas Public Defender Commission to represent Ransom in this appeal.