SLIP OPINION

Cite as 2016 Ark. 2

# SUPREME COURT OF ARKANSAS

No. CV–15–979

| | |
|---|---|
| EVETTE MOORE<br>APPELLANT | Opinion Delivered January 7, 2016 |
| V. | MOTION FOR RULE ON CLERK |
| ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES<br>APPELLEE | MOTION FOR RULE ON CLERK<br>GRANTED; MOTION ALSO<br>TREATED AS MOTION FOR<br>BELATED APPEAL AND GRANTED. |

## PER CURIAM

Appellant Evette Moore, by and through her attorney, Kimberly Eden, has filed a motion for rule on clerk. In the present motion, Ms. Eden candidly admits fault for not timely filing the record in this case wherein the circuit court entered an order granting permanent relative custody of A.M. to Eddie Aldridge. Additionally, Ms. Eden admits fault for noncompliance with Arkansas Supreme Court Rule 6-9(b)(2)(D). As to the latter issue, we treat the present motion as one for a belated appeal. *See S.F. v. Ark. Dep't of Health & Human Servs.*, 370 Ark. 475, 261 S.W.3d 462 (2007) (per curiam).

We have clarified our treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *Id.* at 115, 146 S.W.3d at

891.

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide if good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* The instant case is not a criminal case; however, we have afforded indigent parents appealing from a termination of parental rights similar protections as those afforded indigent criminal defendants. *S.F.*, 370 Ark. at 476, 261 S.W.3d at 464 (citing *Flannery v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 31, 242 S.W.3d 619 (2006) (per curiam)). A review of the notice of appeal reveals that Moore did not sign it. Rule 6–9(b)(2)(D) states,

> The notice of appeal and designation of the record shall be signed by the appellant, if an adult, and the appellant's counsel. The notice shall set forth the party or parties initiating the appeal, the address of the party or parties, and specify the order from which the appeal is taken.

> In accordance with *McDonald v. State*, Ms. Eden has candidly admitted fault for failing to timely file the record in this case due to a mistake on her part and for noncompliance with Arkansas Supreme Court Rule 6–9(b)(2)(D). A copy of this opinion will be forwarded to the Committee on Professional Conduct.

> Motion for rule on clerk granted; motion also treated as motion for belated appeal and granted.