

# SUPREME COURT OF ARKANSAS

No. CV–16–51

| | |
|---|---|
| SANDRA DENISE LEE | **Opinion Delivered** March 3, 2016 |
| APPELLANT | |
| V. | MOTION FOR BELATED APPEAL; PETITION TO PROCEED IN FORMA PAUPERIS |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | |
| APPELLEE | <u>REMANDED TO DETERMINE ATTORNEY FAULT</u>. |

## PER CURIAM

On June 29, 2015, an order was entered in Ouachita County dependancy–neglect case number 52JV-15-17, transferring permanent custody of two minor children, BP and TP, to Barbara and Christopher Domain and closing the case. Sandra Lee, from whose custody the juveniles were removed, was represented by appointed counsel, David L. Chambers. While we have determined from the record that the circuit court, at Ms. Lee's request, relieved Attorney Chambers, he still had obligations to his client before ending his representation. *See* Ark. Sup.Ct. R. 6-9.

According to Ms. Lee, she attempted to file notices of appeal in April 2015 and in June 2015, but both were "denied." On January 19, 2016, Ms. Lee filed with the clerk of this court a motion requesting to appeal the June 29, 2015 order. Pursuant to Supreme Court Rule 6-9(b)(1), Ms. Lee's notice of appeal was due within 21 days of the entry of the order. Therefore, the notice of appeal was not timely filed. Accordingly, this motion will be treated as a motion for belated appeal.

SLIP OPINION

In *McDonald v. State*, 356 Ark. 106, 116, 146 S.W.3d 883, 891 (2004), we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the matter of attorney error will be remanded to the trial court to make findings of fact. *See Ransom v. Ark. Dep't Human Servs.*, 2015 Ark. 21. Upon receipt of the findings by the circuit court concerning attorney error, this court will render an opinion on whether to grant the motion for a belated appeal. *See id.*

It is so ordered.

Danielson, J., dissents.

**PAUL E. DANIELSON, Justice, dissenting.** I agree that we should treat the instant motion as a motion for belated appeal of the June 29, 2015 order granting permanent custody and closing the case. However, I would deny the motion on the basis of Lee's failure to state good reason. *See, e.g.*, *Ratliff v. Ark. Dep't of Health & Human Servs.*, 371 Ark. 534, 268 S.W.3d 322 (2007) (per curiam); *Flannery v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 31, 242 S.W.3d 619 (2006) (per curiam).