SLIP OPINION

Cite as 2017 Ark. 25

# SUPREME COURT OF ARKANSAS.
**No.** CR–17–25

| | |
|---|---|
| JAMES EDWARD CRIPPEN | **Opinion Delivered** February 9, 2017 |
| APPELLANT | |
| | MOTION FOR RULE ON CLERK |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | <u>MOTION GRANTED</u>. |

## PER CURIAM

Appellant James Edward Crippen, by and through his attorney Ryan Norris, has filed a motion for rule on clerk asking this court to direct our clerk to file the record on appeal. Counsel asserts that the record was timely when it was tendered on January 4, 2016. As explained below, the record was not timely pursuant to our rules, but we nonetheless grant the motion so that appellant's criminal appeal may proceed. *See Morris v. State*, 373 Ark. 190, 192, 282 S.W.3d 757, 758 (2008) (the State cannot penalize a criminal defendant by declining to consider his first appeal when counsel has failed to follow appellate rules).

On May 13, 2016, the Crawford County Circuit Court entered a sentencing order, and on June 10, 2016, appellant filed a notice of appeal. On August 22, 2016, appellant filed a motion for extension of time to file transcript and lodge appeal in the court of appeals. On August 31, 2016, the circuit court entered an order making the findings required by Arkansas Rule of Appellate Procedure –Criminal 4(c)(1) (2016) and purporting to extend the time to lodge the record until January 10, 2017. At issue in the present motion is Rule 4(c)(2), which provides that "[i]n no event shall the time for filing the record be extended

SLIP OPINION

more than seven (7) months from the date of the entry of the judgment or order, or from the date on which a timely post-judgment motion is deemed to have been disposed of under Arkansas Rule of Appellate Procedure –Criminal 2(b), whichever is later." Here, the record was due on December 13, 2016, which is seven months from the date of the sentencing order. *Coakes v. State*, 2013 Ark. 325, 429 S.W.3d 209 (a circuit court may not extend the time for filing the record more than seven months from the date of the entry of the judgment or order); *see also Morris*, *supra* (seven-month deadline for filing record on appeal is calculated from date of original judgment).

In *McDonald v. State*, 356 Ark. 106, 116, 146 S.W.3d 883, 891 (2004), we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *Lee v. Arkansas Dep't of Human Servs.*, 2016 Ark. 87 (per curiam).

It is plain from the motion and record before us that there was error on appellant's attorney's part in failing to timely lodge the record. Pursuant to *McDonald*, we grant the motion for rule on clerk.

Motion granted.