WAYMOND M. BROWN, Judge
The Perry County Circuit Court granted permanent custody of the minor children, M.G.1, C.G., K.G., and M.G.2, to Lawrence and Melissa Gabbard and closed the dependency-neglect case that appellee Arkansas Department of Human Services (DHS) had brought against the children's parents, Jacklyn and Micah Gabbard. The minor children appeal, arguing that the court's order should be reversed because (1) the court failed to make a not-best-interest finding; (2) no written home study was presented to the court, so there was insufficient evidence to support the court's custody decision; and (3) the court failed to give the statutory required notice that the case would be closed. We dismiss for lack of jurisdiction because appellants failed to file a timely notice of appeal.
DHS took emergency custody of appellants on September 20, 2017. An ex parte petition for emergency custody and dependency-neglect was filed on September 22, 2017. An ex parte order for emergency custody was filed the same day, placing appellants in the custody of DHS. The probable-cause order of September 25, 2017, continued appellants in DHS's custody but mentioned a provisional placement. Appellants were adjudicated dependent-neglected as a result of parental unfitness and neglect by Jacklyn in an order filed on November 8, 2017. That order also found that Micah contributed to the dependency-neglect by agreeing to leave appellants in Jacklyn's care following their divorce, *69 knowing her drug history. In the review order of March 7, 2018, the court indicated that the case goal was reunification with a concurrent goal of relative placement/guardianship. The order found that appellants should remain out of the custody of Jacklyn and noted that appellants were in the foster home of their aunt and uncle where their needs were being met.
Appellants filed a motion to suspend visitation and for no contact against Jacklyn on April 6, 2018. Jacklyn filed a response on April 20, 2018, asking the court to deny the motion. The court entered an order on April 23, 2018, suspending visitation and ordering no contact between Jacklyn and appellants.
The permanency-planning hearing (PPH) took place on August 27, 2018. At the hearing, DHS, the attorney ad litem, M.G.1, Lawrence, and Melissa all advocated for the termination of Jacklyn's and Micah's parental rights over permanent custody. The court took the testimony under advisement. It issued a PPH order and order of permanent custody on September 14, 2018, granting permanent custody of appellants to Lawrence and Melissa Gabbard and closing the case.
The attorney ad litem filed a motion for relief from judgment, decree, or order pursuant to Rule 60 of the Arkansas Rules of Civil Procedure on September 24, 2018, on behalf of appellants. Jacklyn filed a response on October 8, 2018, asking the court to dismiss the motion. A notice of appeal was filed on behalf of appellants on October 12, 2018, appealing the court's September 14, 2018 order. The court entered an order on October 23, 2018, denying appellants' Rule 60 motion. An amended notice of appeal was filed on November 2, 2018, appealing both the September 14 and October 23 orders.
The burden of proof in dependency-neglect proceedings, including permanency-planning hearings, is by a preponderance of the evidence.[1] The standard of review is de novo, but we, giving due deference to the circuit court's superior position to observe the parties and judge the credibility of the witnesses, will not reverse the circuit court's ruling in a dependency-neglect case unless the ruling was clearly erroneous or clearly against the preponderance of the evidence.[2] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made.[3] Deference to the circuit court is even greater in cases involving child custody, as a heavier burden is placed on the circuit court to use to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children.[4]
As an initial matter, we must determine whether appellants' October 12, 2018 notice of appeal was timely filed. In Ashcroft v. Arkansas Department of Human Services ,[5] our supreme court specifically held that posttrial motions will not extend the time for filing the notice of appeal in dependency-neglect cases:
Rule 6-9 sets twenty-one days as the time within which the notice of appeal must be filed in cases involving dependency *70 neglect. Ark. Sup. Ct. R. 6-9(b)(1) (2009). In addition, Rule 6-9(b)(4) states that "[t]he time in which to file a notice of appeal or a notice of cross-appeal and the corresponding designation of record will not be extended." The express purpose of Rule 6-9(b) is to expedite the appellate process in dependency-neglect cases. Ratliff v. Ark. Dep't of Health & Human Servs. , 371 Ark. 534, 268 S.W.3d 322 (2007) (per curiam). Although Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure-Civil allows the deadline for a notice of appeal to be extended where certain post-trial motions have been filed, we have held that we will not extend that rule to dependency-neglect cases because doing so would vitiate the purpose of Rule 6-9(b). Ratliff , 371 Ark. at 535, 268 S.W.3d at 323.
Here, appellants' notice of appeal for the September 14, 2018 order was not filed until October 12, 2018, approximately twenty-eight days after the order was entered. Therefore, it was untimely. Although appellants filed a Rule 60 posttrial motion and notice of appeal from the court's denial of that motion, it was outside of the twenty-one-day limit set in our Rules. Our supreme court has been clear that posttrial motions will not extend the time in which to file an appeal from dependency-neglect cases. Because appellants failed to file a timely notice of appeal, we dismiss for lack of jurisdiction.
Dismissed.
Harrison, J., agrees.
Hixson, J., concurs.

Anderson v. Ark. Dep't of Human Servs. , 2011 Ark. App. 522, 385 S.W.3d 367 (citing Ark. Code Ann. § 9-27-325(h)(2)(B) (Supp. 2017)).

Churchill v. Ark. Dep't of Human Servs. , 2012 Ark. App. 530, 423 S.W.3d 637.

Id.

Ashcroft v. Ark. Dep't of Human Servs. , 2010 Ark. App. 244, 374 S.W.3d 743.

2009 Ark. 461, at 2-3.