Cite as 2019 Ark. 243

# SUPREME COURT OF ARKANSAS
No. CV–18–1024

| | |
|---|---|
| | **Opinion Delivered:** September 19, 2019 |
| MINOR CHILDREN<br>APPELLANTS | |
| V. | APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. 53JV-17-11] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND JACKLYN GABBARD<br>APPELLEES | HONORABLE PATRICIA JAMES, JUDGE |
| | COURT OF APPEALS' OPINION VACATED; REMANDED TO THE COURT OF APPEALS FOR FURTHER ACTION. |

**KAREN R. BAKER, Associate Justice**

This appeal stems from the Perry County Circuit Court's September 14, 2018 order granting permanent custody of the appellants, minor children M.G.1, C.G., K.G., and M.G.2, to Melissa and Lawrence Gabbard, paternal aunt and uncle of the minor children. We hold that the appeal is timely and remand this matter to the court of appeals for further action.

On September 20, 2017, appellee, Arkansas Department of Human Services (DHS) took emergency custody of the minor children. On September 22, 2017, DHS filed an ex parte petition for emergency custody and dependency-neglect and an order was issued placing the minor children in the custody of DHS. On September 25, 2017, the circuit court entered a probable-cause order, and on November 8, 2017, the circuit court entered

an adjudication/disposition order that continued the minor children's custody placement with DHS. The minor children were adjudicated dependent-neglected as a result of parental unfitness and neglect by their mother, appellee Jacklyn Gabbard. The order also found that, knowing of Jacklyn's drug history, their father, Micah Gabbard, contributed to the dependency-neglect by agreeing to leave appellants in Jacklyn's care following their divorce. On March 7, 2018, the circuit court entered a review order stating that the case goal was reunification with a concurrent goal of relative placement/guardianship and also stating that the minor children were in the foster home of Melissa and Lawrence and that their needs were being met. On April 16, 2018, the minor children filed a motion to suspend visitation and for no contact against Jacklyn. Jacklyn filed a response on April 20, 2018, and on April 23, 2018, the circuit court entered an order suspending visitation and ordering no contact between Jacklyn and the minor children.

On August 27, 2018, the circuit court conducted a permanency-planning hearing. On September 14, 2018, the circuit court entered an order awarding permanent custody to Melissa and Lawrence and closed the dependency-neglect case that DHS had brought against Jacklyn and Micah. On September 24, 2018, pursuant to Rule 60 of the Arkansas Rules of Civil Procedure, the minor children filed a motion for relief from judgment, and on October 8, 2018, Jacklyn responded. On October 23, 2018, the circuit court denied the motion. On October 12, 2018, the minor children filed a notice of appeal of the circuit court's September 14, 2018 order granting permanent custody to Melissa and Lawrence. On November 2, 2018, the minor children filed an amended notice of appeal appealing the permanent-custody award and the denial of the Rule 60 motion.

The minor children appealed to the court of appeals, which dismissed the matter for lack of jurisdiction. *Minor Children v. Arkansas Dep't of Human Servs.*, 2019 Ark. App. 242, at 1, 576 S.W.3d 67, 68. On June 20, 2019, we granted the minor children's petition for review. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. *Bohannon v. Robinson*, 2014 Ark. 458, at 4, 447 S.W.3d 585, 587. The minor children present three issues on appeal: (1) the circuit court's failure to make a not-best-interest finding makes its permanency-plan selection erroneous; (2) the circuit court's custody decision is not supported by sufficient evidence because no written home study was presented to the circuit court; and (3) the circuit court erred when it failed to give the statutory required notice that the case would be closed.

Before reaching the merits, we must first address jurisdiction because jurisdiction is a threshold issue, as well as the basis of the order being appealed. *Thomas v. State*, 2014 Ark. 123, at 2, 431 S.W.3d 923, 925. This appeal stems from a dependency-neglect case in which the circuit court entered an order awarding permanent custody. Arkansas Supreme Court Rule 6-9 (2018), "Rule for appeals in dependency-neglect cases," provides that the following orders may be appealed from dependency-neglect proceedings:

(a) *Appealable Orders.*

(1) The following orders may be appealed from dependency-neglect proceedings:

(A) adjudication order;

(B) disposition, review, no reunification, and permanency planning order if the court directs entry of a final judgment as to one or more of the issues or parties based upon the express determination by the court supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. 54(b);

3

(C) termination of parental rights;

(D) denial of right to appointed counsel pursuant to Ark. Code Ann. § 9-27-316(h); and

(E) denial of a motion to intervene.

(2) The circuit court shall enter and distribute to all the parties all dependency-neglect orders no later than thirty (30) days after a hearing.

(b) *Notice, Indigency, and Time for Appeal.*

(1) The notice of appeal shall be filed within twenty-one (21) days following the entry of the circuit court order from which the appeal is being taken.

Here, the minor children have appealed the order awarding permanent custody and the denial of their motion for relief from judgment. Pursuant to Rule 6-9, neither of these orders is an appealable order. Therefore, we review Rule 2 of the Arkansas Rules of Appellate Procedure −Civil (2018), which provides in pertinent part:

(a) An appeal may be taken from a circuit court to the Arkansas Supreme Court.

. . . .

(c) Except as provided in Rule 6-9 of the Rules of the Supreme Court and Court of Appeals, appeals in juvenile cases shall be made in the same time and manner provided for appeals from circuit court.

. . . .

(d) All final orders awarding custody are final appealable orders.

Ark. R. App. P. −Civ. 2.

In *West v. Arkansas Department of Human Servs.*, 373 Ark. 100, 102–04, 281 S.W.3d 733, 735–36 (2008), the case was certified to this court to resolve the question of whether

4

the permanency-planning order granting permanent custody was a final, appealable order. We held that the order was a final, appealable order pursuant to Rule 2 of the Arkansas Rules of Appellate Procedure –Civil and explained:

> Rule 2(d) of the Arkansas Rules of Appellate Procedure—Civil reads that "[a]ll final orders awarding custody are final appealable orders." In *Harwell–Williams v. Arkansas Department of Human Services*, 368 Ark. 183, 243 S.W.3d 898 (2006), this court allowed the appellant to appeal from an order titled "Adjudication of Dependency–Neglect Permanency Planning Order." That order, which dealt with two children only, granted permanent custody of one child to the children's father and closed the case with regard to that child. It also stated that the objectives regarding the second child would be the termination of the appellant's parental rights with the goal of adoption. The order specifically stated that the matter would be continued as to the second child, and a termination-of-parental-rights hearing was scheduled. Citing Rule 2(d) of the Arkansas Rules of Appellate Procedure—Civil, this court held that the appellant could appeal from the order though the case was closed only with regard to one child. *See Harwell–Williams*, *supra*.

> The court of appeals certifies the question of whether Rule 2(d) is applicable in dependency-neglect cases and notes a potential conflict between Rule 2(d) and Rule 6-9 of the Arkansas Supreme Court Rules.

> . . . .

> It is readily apparent from its text that Rule 6-9 does not specifically refer to permanent custody orders in the context of a dependency-neglect case. Accordingly, there is no direct conflict between Rule 2(d) and Rule 6–9, as Rule 6-9 does not state that permanent custody orders are not final, appealable orders or that a Rule 54(b) certificate is necessary for a permanent custody order relative to one child to be appealable. Rule 2(d), on the other hand, specifically states that custody orders are final, appealable orders. *See also Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002) (holding that Rule 2(d) permits an appeal from any order that is final as to the issue of custody, regardless of whether the order resolves all other issues). In the order appealed from in this case, the circuit court specifically said that "[t]he case is closed as to [B.W.] and [C.W.]" because permanent custody was granted to Curtis West. We hold that Rule 2(d) applies to permanent custody orders in dependency-neglect cases.

5

Further we note that Rule 4 of the Arkansas Rules of Appellate Procedure–Civil prescribes the time for filing a civil appeal pursuant to Rule 2:

> (a) *Time for Filing Notice of Appeal*. Except as otherwise provided in subdivisions (b) and (c) of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from.

With these standards in mind, we turn to the case before us. Here, as in *West*, the order appealed from is one awarding permanent custody. The record demonstrates that the order was entered on September 14, 2018, and the notice of appeal was filed on October 12, 2018. Rule 4 provides that the notice of appeal must be filed within thirty days from the entry of the judgment. Accordingly, the appeal was timely filed. Therefore, we remand the case to the court of appeals for further action.

Court of appeals' opinion vacated; remanded to the court of appeals for further action.

HART and WOOD, JJ., concur in part and dissent in part.

**RHONDA K. WOOD, Justice, concurring in part and dissenting in part.** I agree that this appeal from a permanent custody order was timely filed within thirty days. However, I dissent from the majority's decision to remand the matter to the court of appeals.

This court has clearly and thoughtfully designated certain appellate cases, including "juvenile cases where an out-of-home placement has been ordered" and "all final orders awarding custody," as deserving priority.[1] *See* Ark. R. App. P.–Civ. 2(c)(3), (d), and (e) (2018). Because this case involves both, we gave it priority over other cases. However, the

---

[1]Criminal matters take priority over all appeals. *See* Ark. R. App. P.–Civ. 2(e) (2018). The Rule provides a complete list of all civil cases with elevated priority. *Id*.

6

majority now ignores the need for prompt resolution by remanding the case to the court of appeals for a determination of the merits. Because we are delaying the finality that these juveniles now require, I dissent.

While I agree that on certain occasions we should vacate and remand to the court of appeals for consideration of a case's merits, this is not such an occasion. First, it involves juveniles who have been removed from their mother. Removal from a parent deserves not only priority on procedural issues, but also priority in finality of the entire case. Here, the merits are fully briefed and before this court now. We should resolve it now.

Second, these particular facts cry out for a swift resolution. At the hearing below, the parties testified about the children's need for closure and finality in their case. The children's counselor specifically testified that the continuation of the court proceedings was causing them anxiety, but if the case ended, they could quickly move to discharge the children from therapy. The oldest child, who is a teenager, also testified that her younger siblings needed closure and permanency. The foster parent testified that the minor children needed finality. Given all this testimony, how can we elect to further delay the closure these children need when we could simply reach the merits and resolve the case now? I dissent.

Concurring in part and dissenting in part.

HART, J., joins in this dissent.

*Dusti Standridge*, for appellee Jacklyn Gabbard.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for minor children.