Cite as 2025 Ark. 215

# SUPREME COURT OF ARKANSAS

**No.** CV–25–47

| | |
|---|---|
| KAREN BAKER, CHIEF JUSTICE OF THE ARKANSAS SUPREME COURT<br><br><br>V.<br><br><br>MARTY SULLIVAN, DIRECTOR OF THE ADMINISTRATIVE OFFICE OF THE COURTS | **Opinion Delivered:** December 11, 2025<br><br><br>ORIGINAL ACTION AND ADMINISTRATIVE APPEAL DISMISSED; MOTION TO WITHDRAW APPEAL MOOT. |

## PER CURIAM

This court is tasked with resolving a unique matter. Karen Baker, Chief Justice of the Arkansas Supreme Court, filed an action in this court against Marty Sullivan, Director of the Administrative Office of the Courts (AOC). She titled the filing a Notice of Appeal and Motion to Dismiss in which she disputes the AOC human-resource department's finding of harassment against her. We consider this an attempt to judicially appeal initial findings, and we hold that we lack jurisdiction over this internal appeal. We dismiss the action so that it can be handled as an internal administrative matter of the Arkansas Supreme Court.

On December 4 and 5, 2024, then Chief Justice Elect Baker walked through several areas within AOC and entered individual offices. Apparently, some AOC employees did not recognize Chief Justice Elect Baker and were not comfortable with the questions she

asked, her comments, and the instructions she gave them to open a locked office. Later, several employees filed complaints with the human-resource department alleging they were targeted and harassed based on gender, race, and how they voted in the recent election of the Arkansas Supreme Court's Chief Justice. One employee expressed concern about being asked whether the employee was cooperating with a separate Arkansas Judicial Discipline and Disability Commission (JDDC) investigation.

The human-resource department completed an investigation and concluded in a written report that then Chief Justice Elect Baker harassed employees. Chief Justice Baker alleges, although it is not in the record, that Director Sullivan sent her the report and told her that he was required to turn it over to the JDDC. Chief Justice Baker also alleges that Director Sullivan recommended that JDDC instruct her to cease interactions with the involved employees. She was told that if she objected to the findings, she could file an appeal with the Arkansas Supreme Court within seven days.

Subsequently, Chief Justice Baker filed a notice of appeal along with a motion to dismiss. It was unusual in the sense that Chief Justice Baker simultaneously filed the matter yet asked this court to dismiss it. Among Chief Justice Baker's many objections, she contests the harassment, the process, and the AOC's authority over her. She also objects to this court's jurisdiction. Director Sullivan responded by agreeing that this court does not have jurisdiction and asking that we dismiss Chief Justice Baker's action. He argues that it is an internal, nonjudicial matter.

To begin, the court needed a record, and we ordered the parties to file one. *Baker v. Sullivan*, 2025 Ark. 17 (per curiam). We noted that "if the matter was intended as an

administrative appeal, then a record is required." *Id.* at 2. We ordered Chief Justice Baker "to file the omitted material, including all complaints and the underlying human-resources report whose findings and recommendations she challenges." *Id.* After receiving the supplemental record, Chief Justice Baker moved to withdraw the notice of appeal and motion to dismiss—in other words, to withdraw her initial filing in the case. Given the unprecedented nature of the filing, we ordered the parties to submit briefs. No party requested expediting the matter, so it is before the court in its regular course.

Jurisdiction is a threshold issue. *Minor Child v. Ark. Dep't of Hum. Servs.*, 2019 Ark. 243, at 3, 582 S.W.3d 843, 844. Both parties argue that this court lacks jurisdiction. We agree with the parties—we lack jurisdiction over Chief Justice Baker's notice of appeal and dismiss it. This court has both original and appellate jurisdiction. Amendment 80, §2(D) establishes the court's jurisdiction as follows:

(1) Statewide appellate jurisdiction;

(2) Original jurisdiction to issue writs of quo warranto to all persons holding judicial office, and to officers of political corporations when the question involved is the legal existence of such corporations;

(3) Original jurisdiction to answer questions of state law certified by a court of the United States, which may be exercised pursuant to Supreme Court rule;

(4) Original jurisdiction to determine sufficiency of state initiative and referendum petitions and proposed constitutional amendments; and

(5) Only such other original jurisdiction as provided by this Constitution.

The constitution also provides that "[t]he Supreme Court shall exercise general superintending control over all courts of the state." Ark. Const., amend. 80, § 4.

This matter falls outside our original jurisdiction as it does not involve a writ of quo warranto; a certified question from federal court; an initiative or referendum; or other constitutional grant of original jurisdiction pertaining to this appeal. Nor do we have appellate jurisdiction. The filing does not challenge any order over which we exercise appellate review. Ark. R. App. P.–Civ 2(a) (permitting appeals from orders entered in circuit court); *see also* Ark. Sup. Ct. R. 2-4 (permitting petitions for review from the Arkansas Court of Appeals). And if Chief Justice Baker is attempting to appeal under the Administrative Procedure Act (APA), she has not had a quasi-judicial adjudication, and even then, the court, and AOC by extension, is excluded. *See* Ark. Code Ann. § 25-15-202(2)(A) (Repl. 2024).

If Chief Justice Baker sought to appeal the AOC human-resource department's findings of harassment, she chose the wrong avenue. By filing this action, Chief Justice Baker chose a judicial proceeding, rather than the proper internal administrative review.

Chief Justice Baker acknowledged that the deadline for requesting a review of the internal administrative decision was January 23, 2025. Rather than filing the internal administrative appeal, through either the version of the AOC handbook or the Supreme Court handbook, she sought improper judicial review.[1] Filing such an internal administrative appeal, rather than an original action suit, would have been the proper process to raise objections or seek review. *See e.g.*, *Hudson v. Ark. Admin. Off. of the Courts*, 2024 Ark. 134, at 3, 687 S.W.3d 513, 515.

---

[1]Chief Justice Baker did not include in the record or supplemental record any documentation showing a contemporaneous internal appeal.

Our dismissal here does not impact any separate JDDC review of Chief Justice Baker's actions under the Arkansas Code of Judicial Conduct. Chief Justice Baker argues that the proper remedy is for the JDDC to resolve the harassment and other complaints. JDDC should promptly resolve the complaints. There are employees who have not received a resolution of their serious charges and a Chief Justice who has been limited in her ability to interact with many senior staff. It has been a year, and the delay simply cannot continue. JDDC must make resolution of the complaints against Chief Justice Baker a priority to preserve confidence in the judiciary.

Both the original action and the attempt to appeal the administrative decision are dismissed. The motion to withdraw is moot.[2]

IT IS SO ORDERED.

Special Justices CORY COX, KEVIN CRASS, and BILENDA HARRIS-RITTER join.

BAKER, C.J., and HUDSON and HILAND, JJ., not participating.

*Jeff Rosenzweig*, for petitioner.

*Tim Griffin*, Att'y Gen., by: *Noah P. Watson*, Dep. Solicitor Gen., for respondent.

---

[2]The individual motions to recuse were resolved by syllabus entry.